# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| NELSON A. CASTRO AND ) | |
| CAROLINA L. RAMIREZ, ) | |
| ) | Bankruptcy No. 14-01758 |
| Debtors. ) | |
| ) | |
| UNITED STATES TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 15-09042 |
| ) | |
| v. ) | |
| ) | |
| NELSON A. CASTRO AND ) | |
| CAROLINA L. RAMIREZ, ) | |
| ) | |
| Defendants. ) | |

## RULING ON UNITED STATES TRUSTEE'S COMPLAINT TO REVOKE DISCHARGE

This matter came on for trial in Sioux City, Iowa. John Schmillen appeared for United States Trustee Daniel M. McDermott ("UST"). John Moeller appeared for Debtors Nelson Castro and Carolina Ramirez ("Debtors"). The Court received evidence, heard argument, and took the matter under advisement. The Court gave the parties the opportunity to file post-hearing briefs. Debtors filed a brief, but UST did not. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

## STATEMENT OF THE CASE

Debtors failed to turn over a tax refund even after the Court had ordered them to do so. UST argues that this failure is cause to revoke their discharge. Debtors argue that UST must prove fraudulent intent or a willful disregard of the Court's order to revoke their discharge. Debtors state that they kept the money to pay for necessities, that they did not have fraudulent intent, and that they did not willfully disregard the Court order. The Court agrees with UST and revokes Debtors' discharge.

## STATEMENT OF THE FACTS

The facts are largely undisputed. Debtors filed bankruptcy in November 2014. Don Molstad, the Chapter 7 Trustee on their case, testified for UST. Trustee Molstad testified that it is his practice to send a letter to debtors who file bankruptcy late in the year to inform them that their tax return is property of the bankruptcy estate. He does this to make sure that debtors don't spend their refund before the 341 meeting is held early the next year. He followed that practice with Debtors in this case. About a month after Debtors filed bankruptcy, he sent them a letter that said:

> Upon preparation of your 2014 income tax returns, State and Federal, copies should be provided to your Attorney who will transmit them to me. Your tax refunds represent an asset in the bankruptcy estate. You are directed not to cash the tax refund or spend any of the proceeds until a determination has been made as to whether or not those proceeds belong to me as Trustee.

2

Failure to turnover copies of your tax returns or spending any portion of the tax refunds before the Court determines whether any of it is exempt may result in the filing of an objection to your discharge.

In January 2015, Debtors had their 341(a) meeting of creditors. At that meeting, Trustee Molstad asked Debtors questions. In particular, he asked them about their 2014 tax return and had them sign a form acknowledging that their 2014 tax return was a part of the bankruptcy estate. The relevant portion of the 341(a) transcript is reproduced here:

> TRUSTEE MOLSTAD: What I'm asking you – what I'm having you sign there is an acknowledgement that your tax returns are part of the bankruptcy and when you get your tax returns, that you need to get a copy to Mr. Moeller, send it to me. Don't spend those tax returns until we can calculate what portion, if any, of that refund. There may be some of it significant or after bankruptcy or whatever but don't spend any of that until we figure that out, okay?
> MS. RAMIREZ: Okay.

The acknowledgement form the Trustee asked Debtors to sign states "that if you spend the income tax refunds and do not turn them over to the Chapter 7 Trustee, that it may be cause to have your discharge revoked or denied." Debtors signed this document. Debtors received a Chapter 7 discharge on March 24, 2015.

In March, Debtors' counsel sent Trustee Molstad a copy of Debtors' 2014 state and federal tax return. After some correspondence with Debtors' counsel, Trustee Molstad concluded—based on their state and federal tax refund, and accounting for their exemption, certain withholdings, prorating for the time of filing, and including accrued wages—that Debtors needed to turn over $7,568.65.

3

In June, Debtors' counsel sent Trustee Molstad a letter. In that letter, Debtors' counsel relayed that Nelson Castro told him that Debtors did not have the tax refunds. This turned out to be false. Debtors did have the tax refunds. Debtors were saving the refunds for future necessities and a possible medical procedure.

Debtors eventually proposed paying Trustee Molstad $50 per week to repay the tax refund. Trustee Molstad replied that he would seek revocation of Debtors' discharge if he did not receive the full $7,568.65 by August. Debtors did not pay any amount of their tax refund to Trustee Molstad. In July, Trustee Molstad filed a motion for turnover. The Court granted that motion and ordered Debtors to turn over the $7,568.65 within 14 days. Debtors did not comply with that order. In October, UST filed this adversary seeking revocation of Debtors discharge.

At trial, Carolina Ramirez admitted that Debtors were aware of their obligation to turn the tax refunds over to Trustee Molstad. They were also aware of the Court order directing them to turn over the tax refunds. Nevertheless, they kept the refund in case they needed it for an emergency and for other future expenses. Debtors anticipated that Nelson Castro would need surgery in the future; Mr. Castro in fact had surgery in November. Debtors used the money to pay for Mr. Castro's surgery. Debtors had also fallen behind on bills and mortgage payments because Mr. Castro had been unable to work in September and October

due to medical problems.  Debtors used the remaining money to catch up on these bills, repair their vehicle, and buy food.

Carolina Ramirez testified that Debtors did not intend to withhold the tax refunds from Trustee Molstad.  She testified that, instead of turning over the entire tax refund, they proposed making regular payments to Trustee Molstad.  When Trustee Molstad did not accept this proposal, however, Debtors did nothing.

Debtors never made payments to Trustee Molstad from the tax refund.  Debtors also received a tax refund the following year for about $7,000.  Debtors did not offer to turn this money over to Trustee Molstad in place of the money they improperly kept the year before.

## DISCUSSION

The issue in this case is whether Debtors' failure to turn over their 2014 tax refund to the Trustee, or their refusal to follow the Court's order to do so, is cause to revoke their discharge under 11 U.S.C. § 727(d)(2) and (3).  "Revocation is an extraordinary remedy."  Miller v. Kasden (In re Kasden), 209 B.R. 239, 241 (B.A.P. 8th Cir. 1997).  UST argues the Court should revoke Debtors' discharge under § 727(d)(2), which addresses revocation for failure to deliver property of the estate to the trustee, and § 727(d)(3), which addresses revocation for failure to obey a court order.  The Court will address each section in turn.

I.   **Revocation of Discharge under § 727(d)(2)**

Section 727(d) provides that

On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, **the court shall revoke a discharge** granted under subsection (a) of this section **if**—
. . .
(2) **the debtor** acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and **knowingly and fraudulently failed** to report the acquisition of or entitlement to such property, or **to deliver or surrender such property to the trustee** . . . .

11 U.S.C. § 727(d) (emphasis added). "Fraud is rarely established by admission. Instead, the trial court must look at the circumstantial evidence and the events that occurred to try to determine intent." United States Trustee v. Klages (In re Klages), 381 B.R. 550, 554 (B.A.P. 8th Cir. 2008). "A debtor's intent may be inferred from all the surrounding circumstances… [t]he focus is on whether the debtor's actions appear so inconsistent with his self-serving statement of intent that the proof leads the court to disbelieve the debtor." Id. "Fraudulent intent may also be established by showing that the debtor acted so recklessly that fraud can be implied." Id.

Here, Debtors were repeatedly instructed to turn over their tax refund to Trustee Molstad. When they received their 2014 tax refund, they did not do so. Instead, they decided to keep it, anticipating that they would need the money later. Debtors concede that they knew that their tax refund was non-exempt property of

6

the estate and that they failed to deliver the tax refund to Trustee Molstad. Debtors argue, however, that they did not keep the money with fraudulent intent. They assert that fraudulent intent cannot be inferred from their actions in this case.

The Court finds that the evidence supports a finding of fraudulent intent. Debtors admitted they knew they were supposed to turn over the tax refund, but they simply did not do it. Carolina Ramirez's testimony that Debtors did not intend to improperly withhold the tax refunds from Trustee Molstad is inconsistent with Debtors' actions in this case. Debtors kept the tax refund despite knowing that it belonged to the bankruptcy estate. When confronted with this fact they told their attorney that they did not have the tax refund, which was not true. They made no effort to voluntarily disclose that they received the refund or seek permission to retain it. They made no effort to pay the Trustee, but offered only a small monthly payment. This evidence supports a finding of fraudulent intent.

The Court finds that Debtors knowingly and fraudulently failed to deliver the nonexempt portion of their 2014 tax refund to Trustee Molstad. UST has shown that revoking Debtors' discharge is required under § 727(d)(2).

**II.   Revocation of Discharge under § 727(d)(3)**

Even if fraudulent intent could not be inferred from Debtors' actions in this case, UST argues that Debtors' discharge should still be revoked because they failed to obey this Court's order to turn the money over.

> Section 727(d) provides that:
>
> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, **the court shall revoke a discharge** granted under subsection (a) of this section **if**—
> . . .
> (3) **the debtor committed an act specified in subsection (a)(6)** of this section . . . .

11 U.S.C. § 727(d) (emphasis added). Those acts include a debtor's refusal "to obey any lawful order of the court . . . ." Id. § 727(a)(6)(A).

Trustee Molstad asked the Court to order Debtors to turn over the tax refund. The Court did so. Debtors did not comply with that order. Again, Debtors knew about their obligation to turn over the tax refund and did not fulfill that obligation. Debtors do not contend that they misunderstood the Court's order or that they did not receive it. They simply refused to follow it.

A debtor's refusal to follow a court order is grounds to revoke a discharge. Guar. Bank & Trust Co. v. Sanford (In re Sanford), 362 B.R. 743, 757 (Bankr. M.D. La. 2007) ("Put simply, debtors cannot unilaterally decide whether they wish to obey a court's order. Thus, the debtor's unexplained failure to obey the court's order . . . merits denial of [the debtor's] discharge."); Missouri ex rel. Nixon v. Foster (In re Foster), 335 B.R. 709, 716 (Bankr. W.D. Mo. 2006) ("They have never suggested that the documents were not created or are no longer in existence or that there is any other reason why they would be unable to comply with the order requiring the production. Under the circumstances, the Court is justified in

inferring that their failure to comply with the Court's order is willful and intentional."); Labarge v. Ireland (In re Ireland), 325 B.R. 836, 838 (Bankr. E.D. Mo. 2005) ("Debtor's simply ignored this Court's Turnover Order."). Debtors refused to obey this Court's order without explanation. The Court finds that this refusal was willful and intentional. As a result, the Court must enter an order revoking Debtors' discharge.

The Court understands that revoking a debtor's discharge is a harsh remedy. Nevertheless, "Congress could not have expressed its will more clearly than it did in § 727. A debtor who does not honor her obligations to turn over estate property is not a debtor to whom this Court is empowered to grant a discharge." Hill v. Muniz (In re Muniz), 320 B.R. 697, 702 (Bankr. D. Colo. 2005).

## CONCLUSION

**WHEREFORE**, Trustee's request for an order revoking Debtors' discharge is GRANTED.

**FURTHER**, Debtors' discharge issued in case number 14-01758 on March 24, 2015 is REVOKED.

Dated and Entered:

March 14, 2017

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE